[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: APPOINTMENT OF GUARDIAN AD LITEM
The plaintiff Beacon Brook Health Care Center, a skilled nursing facility, has brought this action against one of its residents, the defendant Helen Dudrow, alleging that the defendant has not paid for services rendered to her by the plaintiff. The plaintiff has filed an Application for Prejudgment Remedy and an Order to Show Cause, on which a hearing was scheduled for August 12, 2002.
At that hearing the court examined the return of service, the unsigned complaint, the prejudgment remedy affidavit, and certain appended documents. It appears that the defendant Helen Dudrow continues to be a resident in a health care facility that provides twenty-four hour nursing care to its residents. The facility is located at 89 Weid Drive, in Naugatuck, CT. The defendant signed an admission agreement on February 8, 2001, in which she agreed to pay a per diem rate for the plaintiffs services. The agreement makes reference to a "medicare rate" that is to be the daily charge, but the actual amount is not listed in the agreement. The agreement contains the signature of the defendant Helen Dudrow over the line that reads "If the resident is managing his or her own affairs."
The documents then disclose that the plaintiff sent an invoice for $45,379 representing a charge for the period June 29, 2001, to December 31, 2001, to "Helen Dudrow, do Attorney Frederick Dlugokekci," at 175 Church Street, Naugatuck, CT.
Service of process in this action was not accomplished by in-hand service upon the defendant. Rather a state marshal delivered the papers to Attorney Dlugokekci, "who accepted service on behalf of the within named defendant at 175 Church Street, Naugatuck. . . ." The return of service does not recite any knowledge of the state marshal as to the authority under which Attorney Dlugokekci was authorized to accept such service in lieu of the defendant. Moreover, as of this date, Attorney Dlugokekci has not filed an appearance on behalf of the defendant. CT Page 12076 Neither the defendant nor anyone on her behalf was present at the PJR hearing on August 12, 2002.
It is unclear to the court that proper service of process has been accomplished in this matter. While the court is sympathetic to the idea that service of court process can sometimes be an upsetting experience to persons who are unused to dealing with matters in litigation, the court is unaware of any rule that would relieve the plaintiff from accomplishing proper service of process.
It is also unclear whether the defendant is continuing to manage her own affairs. Given the allegation that the defendant is a resident in a skilled nursing facility and given what appears to be the reluctance of the plaintiff to direct that she be personally served with the papers in this action, the facts suggest that the defendant may no longer be in charge of her affairs.
Accordingly the court defers decision on the application for prejudgment remedy and, exercising the authority of the Superior Court under the provisions of Conn. Gen. Stat. § 45a-132, appoints Attorney Rosemary Giuliano of Woodbury as guardian ad litem for the defendant. Such guardian ad litem shall investigate, make a determination of, and file a report with the court on the following:
1. Whether the defendant is managing her own affairs, and appears capable of managing them;
2. Whether the defendant has designated another, by power of attorney, to manage some or all of her affairs, and, if so, the scope of such designation;
3. Whether any probate proceeding has been instituted regarding the defendant's management of her affairs; and
4. Whether, if the defendant appears incapable of managing her own affairs, a probate proceeding ought to be instituted to appoint a fiduciary to manage her affairs.
Such report shall be certified to all counsel, filed with the court, and placed on the special proceedings docket for the court to determine the scheduling of further proceedings in this matter. This action may not be withdrawn without permission of the court.
Patty Jenkins Pittman, Judge CT Page 12077